## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HIRAM PADILLA ROBLES, MIGDALIA PADILLA ROBLES, FERDINAND PADILLA ROBLES, DAMARIS PADILLA ROBLES, WILLIAM PADILLA GUZMAN AND ANTONIO PADILLA GUZMAN** | Civil Action No. 1:14-cv-79 |
| Plaintiffs, | LIBYA CLAIMS PROGRAM (22 U.S.C. 1623(a)(1)(c)) |
| **V.** | CIVIL RIGHTS COMPLAINT (42 U.S.C. § 1983) |
| **JOHN KERRY in his official capacity as U.S. Secretary of State; U.S. DEPARTMENT OF STATE** Defendant | DECLARATORY RELIEF (28 U.S.C. § 2201) |

### COMPLAINT

**TO THE HONORABLE COURT**:

**COME NOW** the Plaintiff's, Hiram Padilla Robles, Migdalia Padilla Robles, Ferdinand Padilla Robles, Damaris Padilla Robles, William Padilla Guzman and Antonio Padilla Guzman through the undersigned attorneys, and respectfully state, allege and pray as follows:

### I. NATURE OF CASE

This is a civil action in which the plaintiff's all of them United States Citizens, claim just compensation in accordance with the Libya Claims Program, civil rights violations of their constitutional due process rights guaranteed by the Fifth Amendment to the United States Constitution. Plaintiffs were unlawfully deprived of their compensation for the death of their brother Juan Padilla Ortiz, which was covered under the Libya Claims Program and the U.S. Department of State.

## II.  JURISDICTION AND VENUE

**1.**      This Honorable Court has jurisdiction over the present action pursuant to 42 U.S.C. § 1983, given that a deprivation of the rights secured by the United States Constitution is alleged.

**2.**      Venue is proper in this district under 28 U.S.C. § 1391(e) (1) because this is the district where the defendants in the suit reside.

## III.  PARTIES

**1.**      Plaintiff, Hiram Padilla Robles, is of legal age, married and resident of PO Box 1759, Sabana Seca, Puerto Rico 00952-1759, tel. (787) 512-1455 and brother to the deceased, Juan Padilla Ortiz.

**2.**      Plaintiff, Migdalia Padilla Robles, is of legal age, married and resident of Urb. Las Colinas S-4, Calle Colina Tres Pistachio, Toa Baja, PR  00949 , Tel. 787 459-6750sister to the deceased, Juan Padilla Ortiz.

**3.**      Plaintiff, Ferdinand Padilla Robles, Of Legal Age, Married And Resident Of Ferdinand Padilla Robles, Urb. Covadonga, Ga2  K-16 Calle Manuel Alonso, Toa Baja, Pr  00949, TEL. 787 512-1455, and brother to the deceased, Juan Padilla Ortiz.

**4.**      Plaintiff, Damaris Padilla Robles, of legal age, married and resident of Damaris Padilla Robles, P.O. Box 367241, San Juan PR  00936-7241, Tel. (787) 525-4006 and sister to the deceased, Juan Padilla Ortiz.

**5.**      Plaintiff, William Padilla Guzman, of legal age, married, and resident of Calle 14 LN-279 Alturas De Rio Grande Rio Grande, PR  00745 Tel. (787) 888-2730, and brother to the deceased, Juan Padilla Ortiz.

2

**6.**     Plaintiff, Antonio Padilla Guzman, of legal age, and resident of Edificio F - 8 Apto. # 84, Res. Manuel A. Perez, San Juan, Pr, Tel. 787 510-5725, and brother to the deceased, Juan Padilla Ortiz.

**7.**     Defendant John Kerry is the Secretary of the U.S. Department of State and is brought into this claim in his official capacity as head of the government agency who deprived plaintiffs of their proprietary rights without the due process of the law. The United States Department of States is the federal executive department responsible for international relations of the United States and is located at 2201 C. Street NW Washington, D.C. 20520.

**8.**     The Department of States deprived plaintiffs of their proprietary rights for compensation without the due process of law.

### IV. FACTS AND PROCEDURAL BACKGROUND

**1.**     On May 30, 1972, while on a religious pilgrimage visit to the Middle East, along with 16 other U.S. nationals, Juan Padilla Ortiz was tragically killed by a terrorist attack at the Lod Airport in Tel Aviv, Israel.

**2.**     The death of Juan Padilla Ortiz is considered a covered incident under the terms of the Lybia Claims Program.

**3.**     Juan Padilla Ortiz was plaintiffs' brother.

**4.**     Following the procedure established by the Commission, on March 15, 2010, plaintiffs timely filed a claim with the Commission under Categories B and C of the Secretary of State referral letters.

**5.**     Plaintiffs also filed a statement averring that they were close to their deceased brother and that his death caused them emotional pain.

**6.**     On May 27, 2010, plaintiffs submitted an amended Statement of Claim form and a letter to the Commission withdrawing their claims under Categories B and C and amending their claim to be considered as a Category E claim, as they were not a party to any prior litigation in regard to the death of Mr. Ortiz.

**7.**     Claims under Category E of the Secretary of State referral letter consist of claims of U.S. nationals for wrongful death of physical injury resulting from one of the covered terrorist incidents in which a named U.S. claimant alleged wrongful death or physical injury, provided that (1) *the claimant was not a plaintiff in the Pending Litigation;* and (2) *the claimant's descendant was killed or the claimant was physically injured in the incident which has been alleged to form the basis of the claim.*

**8.**     On May 10, 2011 the Commission examined the claim and entered a proposed decision on the claim under Category E.

**9.**     The Commission ruled that since the monetary award of $10,000,000.00 had been previously paid by the Department of State to other relatives of Mr. Juan Padilla, the Commission lacked jurisdiction to entertain the claim and to grant compensation thereof.

**10.**     On June 6, 2011, plaintiffs objected to the proposed decision, and requested an oral hearing.

**11.**     The hearing was held on September 8, 2011. Notwithstanding the arguments raised therein by plaintiffs, on September 28, 2011 the Commission denied plaintiffs claim and reaffirmed its position that the Department of State had

already paid other relatives of Juan Padilla, hence the Commission lacked jurisdiction to grant plaintiffs their compensation.

**12.** On February 1, 2012 plaintiffs filed a claim with the U.S. State Department, alleging that this agency compensated other relatives of Mr. Juan Padilla without giving plaintiffs the opportunity to file a claim, depriving them of their proprietary rights of compensation.

**13.** On August 6, 2013 the State Department entered a decision in which they dismissed plaintiffs claims.

## V.  CAUSES OF ACTION

**A.  Claim Under 22 U.S.C. 1623(a)(1)(C) the Libya Claims Program**

**1.** In 2008, the government of Libya paid $1.5 billion to the families of terrorism victims and President Bush signed the Executive Order 13477 restoring Libyan immunity from terrorism-related lawsuits. Later, Congress passed the Libyan Claims Resolution Act to resolve pending claims against Libya by United States nationals.

**2.** Pursuant to 22 U.S.C. 1623(a)(1)(C) the Libya Claims Program was created and the Foreign Claims Settlement Commission was conferred with the authority to adjudicate claims of U.S. nationals against foreign governments, that were included in a category of claims as referred by the Secretary of State.

**3.** By letters dated December 11, 2008 and January 15, 2009, the Department of State referred to the Commission certain categories of claims against

Libya under the terms of the Claims Settlement Agreement between the United States of America and the Great Socialist People's Libyan Arab Jamahiriya of August 14, 2008,

4.      The letters from the Secretary of State established other compensable incidents under the Libya Claims Program that were not necessarily related to the Libyan Government:

a. May 30, 1972 attack at Lod Airport in Israel.
b. December 17, 1983 vehicle bomb explosion near Harrods Department Store in Knightsbridge, London, England.
c. November 30, 1984 (approximate) kidnapping and subsequent death of U.S. citizen.
d. March 25, 1985 (approximate) kidnapping and subsequent death of U.S. citizen.
e. November 23, 1985 hijacking of Egypt Air flight 648.
f. December 27, 1985 attack at the Leonardo da Vinci Airport in Rome, Italy.
g. December 27, 1985 attack at the Schwechat Airport in Vienna, Austria.
h. April 5, 1986 bombing of the La Belle Discotheque in Berlin, Germany.
i. September 5, 1986 hijacking of Pan Am flight 73.
j. Detention beginning February 10, 1987 of the passengers and crew of the private yacht "Carin II."
k. December 21, 1988 bombing of Pan Am flight 103.
l. September 19, 1989 bombing of UTA flight 772.

5.      Mr. Juan Padilla Ortiz (hereinafter as "Mr. Ortiz" or "the decedent"), was one of the 26 victims of the May 30, 1972 terrorist attack at the Lod Airport (now *Ben Gurion International Airport*) in Tel Aviv, Israel. This terrorist attack was covered under the Libya Claims Program.

6.      The descendant's brothers, Hiram Padilla Robles, Migdalia Padilla Robles, Ferdinand Padilla Robles, Damaris Padilla Robles, Gilberto Padilla Nuñez, William Padilla Guzman and Antonio Padilla Guzman, are siblings (hereinafter "Plaintiffs"), properly filed a formal claim on February 23, 2010 before the Commission under the Libya Claims Program.

7.      However, despite their timely and proper filing of the corresponding claim before the Commission, and after an oral hearing was held, the Plaintiffs were denied their corresponding compensation by the Commission, on the grounds that the Commission did not have jurisdiction over plaintiff's claim because the State Department had already compensated other relatives of the descendant.

8.      The other relatives were compensated directly by the Department of State, before the creation of the Commission. The Department of State did not notify plaintiffs, who are brothers of the descendant entitled to compensation, prior compensating the other relatives. Plaintiffs were deprived from their proprietary right of compensation without the due process of law, even when they followed the legal course established by the Commission and the Department of State.

9.      On February 1, 2012 the plaintiffs herein filed a claim before the State Department seeking their corresponding compensation. Nevertheless, on August 6, 2013, the State Department denied the claim alleging that they found no negligence or wrong doing on behalf of the State Department.

10.     Plaintiffs appear herein on the grounds that the State Department deprived them of their corresponding compensation without the due process of law, in violation of the Fifth Amendment of the United States Constitution.

11.     Plaintiffs are entitled to the compensation established by the Department of State for these type of cases, which is $10,000,000.00.

## B. Due Process of Law Claim

1.      The procedure established by the Commission required claims for compensations under the Libya Claims Program to be filed by May 2010. According to the guidelines established by the Commission, all relatives of a person who died in a compensable incident were entitled to receive compensation if the filed their claim with the Commission by May 2010.

2.      Plaintiffs, then as claimants, filed their original claim on February 23, 2010 complying with all the requirements established by the Commission.

3.      However, despite complying with all the procedures established by the Commission and by the Department of State, plaintiffs were denied their right for compensations because the Department of State paid other relatives in an off-Commission process.

4.      Plaintiffs are relatives of Mr. Juan Padilla Ortiz and as stated by the Chairman of the Commission in the oral hearing, they are undoubtedly entitled to be compensated under the Libya Claims Program. The followed the procedure established by the Commission and complied with all the applicable requirements, however were denied the corresponding compensation because a mistake committed by the Department of State.

5.      Plaintiffs were not informed of the payment to the other relatives issued by the Department of State, hence, did not have the opportunity to appear in that process and to participate, present evidence or question the disbursement of funds.

6.      Plaintiffs were deprived of their right to be compensated under the Libya Claims Program without due process of law as established in the Fifth Amendment to the Constitution of the United States.

**B. Declaratory Relief**

1.      An actual and substantial controversy exists between plaintiffs and defendants as to their respective legal rights and duties. Plaintiffs contend that the State Department's decision violates the Fifth Amendment to the United States Constitution and 42 U.S.C. § 1983. Defendants contend otherwise.

2.      Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.

## VI. PRAYER

**WHEREFORE**, Plaintiffs respectfully request relief as follows:

a) To enter a declaratory judgment that the State Department decision of denying plaintiff's right to compensation under the Libya Claims Program, violates the Fifth Amendment to the United States Constitution and 42 U.S.C. **§** 1983.

b) To order the United States Department of State to compensate plaintiffs with $10,000,000 as established by the Libya Claims Program.

c) To render any other decision it may deem proper.

**RESPECTFULLY SUBMITTED**, in Washington District of Columbia, on January 17, 2013.

S/Lorenzo J. Palomares-Starbuck
**LORENZO J. PALOMARES-STARBUCK**

U.S.D.C.-D.C.. No. 503044
233 Brickell Avenue, Suite A-1
Miami, FL 33129
(787) 666-2880 / Fax. (787) 777-1540
E-mail: palolaw2@gmail.com